UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SWAHLEN,  Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| LENNOX NATIONAL ACCOUNTING SERVICES, LLC, and LENNOX INTERNATIONAL, INC. | § § § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT COLLECTIVE ACTION

## I.  SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

1.     Lennox National Accounting Services, LLC, and Lennox International, Inc. ("Defendants") require and/or permit various employees to work as service technicians at their numerous worksites across the United States including Texas, but refuses to compensate them for all hours actually worked.[1]

---

[1] See Exhibit "A" (Defendants' service areas as identified on their website).

2.      Consequently, Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for all hours worked at the minimum hourly wage rate and at the rate of one and one-half their regular rate for all overtime hours.

3.      David Swahlen ("Plaintiff") is a former employee of Defendants.  He is a non-exempt employee who was denied wages as required by law, and files this collective action to recover unpaid wage owed to him and on behalf of all other similarly situated employees, current and former, of Defendants (hereinafter referred to as "Class Members").

## II.  SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## III.  PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff David Swahlen is an individual residing in El Paso County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

7.      The Class Members are Defendants' current and former employees working as service technicians at any time from the period covering three years before this suit was filed forward throughout the United States.

8.      Defendant, Lennox National Accounting Services, LLC, is a Florida Corporation with its headquarters and principal place of business in Ft. Lauderdale, Florida.  Defendant does business throughout Texas.  Lennox National Accounting Services, LLC, can be served through its registered agent, Corporation Service Company DBA CSC-Lawyers Inco., at 211 E. 7th Street Suite 620 Austin, TX 78701.

2

9.      Defendant Lennox International, Inc., is a Delaware corporation conducting business in Texas with its headquarters at 2140 Lake Park Blvd. Richardson, TX 75080. Defendant Lennox International, Inc., can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco., at 211 E. 7th Street Suite 620 Austin, TX 78701.

10.     This court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting activities in the state of Texas. Their activities in Texas constitute minimum contacts sufficient to confer jurisdiction upon it. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the due process requirements of the Constitution.

11.     The continuous and systematic contracts of Defendants with the state of Texas are sufficient to establish general jurisdiction upon them.

12.     Defendants employs Texas citizens, recruit employees in Texas, hold property in Texas, advertise their services in Texas, and a considerable portion of their business activities in the United States occur in Texas.

13.     This cause of action arose from or relates to the contacts of Defendants with Texas, thereby conferring specific jurisdiction over them as well.

14.     In particular, Defendants employed Texas citizens and failed to pay them for all hours worked in accordance with the clear mandates of the FLSA. This claim is focused on the exact contact that Defendants had with the forum state of Texas.

## IV.  COVERAGE

15.     In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that she/he was engaged in commerce or employed by an enterprise engaged in commerce; (3) that [D]efendant failed to pay her/him overtime/minimum wage; and (4) that she/he is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) (maximum hours) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

**EMPLOYMENT RELATIONSHIP**

16.   Plaintiff was employed by Defendants as a service technician to repair and maintain its customers' machines.

17.   At all material times related hereto, Defendants have been an employer within the meaning of section 29 U.S.C. § 203(d) of the FLSA.

18.   Pursuant to 29 U.S.C. § 203(d), Defendants acted directly and/or indirectly in the interest of Plaintiff and Class Members' employment as their employer.

19.   Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of section 29 U.S.C. § 203(r)(1).   That is, Defendants perform related activities through unified operation and common control for a common business purpose.   *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994).

20.   Defendants provide heating, ventilation, and air conditioning ("HVAC") services via technicians they employ in 48 states.   Defendants' advertise that they have over 60 locations[2] nationwideand can assure the very best one-to-one customer service and responsiveness.   The fact that they run each location identically and their customers can expect the same kind of quality regardless of the location is Defendants' main advertising selling point.

21.   Defendant Lennox International, Inc., and Lennox National Account Services, LLC share the same officers including the Vice President, David E. Dorsett, Chief Financial Officer, Joe Reitmeier, and Director, Todd M. Bluedorn.[3]

22.   Defendants represent themselves to the general public as one service provider— Lennox National Account Services, LLC,—operating at multiple locations.   They share

---

[2] Exhibit "A" (Defendants' website stating "with over 60 self-performing locations…").

[3] Exhibit "C" (Texas Comptroller website).

employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. Defendants advertise together on the same website, provide the same array of services to its customers, and use the same business model. The "Lennox National Account Services, LLC" family of HVAC service company exists under the control and direction of both Defendants. Defendants provide the same service product to its customers by using a set formula when conducting its HVAC services. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

## FLSA INDIVIDUAL COVERAGE

23. At all material times relevant hereto, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by the FLSA. *See*, 29 U.S.C. §§ 206-207.

24. "The Supreme Court has made clear that the FLSA extends federal control 'throughout the farthest reaches of the channels of interstate commerce.'" *Alvarez v. Amb-Trans Inc.,* 2012 WL 4103876 *2 (W.D. Tex. 2012), (*citing Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 567). "The Fifth Circuit has also emphasized that no de minimis rule applies to the FLSA; any regular contact with commerce, no matter how small, will result in coverage." *Alvarez*, 2012 WL 4103876 *2 (*Citing Marshall v. Victoria Trans. Co., Inc.,* 603 F.2d 1122, 1124 (5th Cir.1979)).

25. "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods

for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012); *See also*, 29 U.S.C. § 207(a)(1); *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (*"Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

26.    Both the individual and enterprise coverage are applicable in this case.

27.    With regard to individual coverage, the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies.  29 U.S.C. § 207(a)(1).  "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a 'practical test.'" *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 (E.D. Tex. 2011) (*citing Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007)).  "Any regular contact, no matter how minimum, will result in coverage under the FLSA.  *Id.* (*citing Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1124 (5th Cir. 1979)); (*See also*, *Sobrinio,* 474 F.3d at 829).  "The employee's work must be "entwined with the continuous stream of interstate commerce.'" *Id.* (citing *Marshall,* 603 F.2d at 1125).  "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (*citing,* 29 C.F.R. 776.10(b)).

28.    Plaintiff's job duties would consist of manual labor tasks including, but not limited to, performing maintenance, service and troubleshooting Defendants' customers' HVAC equipment.

29.    The Defendants would assign Plaintiff to drive to the work site out the respective city and sometimes out of the state.  The Plaintiff would travel on interstate highways.  *See*,

*Aberle,* 2011 WL 2728350, *3, (finding for the plaintiff on summary judgment for individual coverage; "the summary judgment evidence establishes that Plaintiff, as a Senior Architect/Project Manager, traveled to different states and conducted business across state lines."). *See also, Benson v. Universal Ambulance Serv., Inc.,* 675 F.2d 783 (6th Cir. 1982), (upholding a district court's finding that employees of an ambulance company were covered by the FLSA because the employees responded to emergencies "on streets and highways over which flows significant commerce between the states").   Many of the items used by Plaintiff in performing the manual labor work have moved through interstate commerce.  These activities are clearly interstate commerce.  The Plaintiff is engaged in interstate commerce and undoubtedly meets the definition of individual coverage under the FLSA.

30.   At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-07.

**FLSA ENTERPRISE COVERAGE**

31.   With regards to enterprise coverage, the FLSA states it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle,* 2011 WL 2728350, *3, (*citing,* 29 U.S.C. § 203(s)(1)(A)).

32.   At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

33.   In addition to Plaintiff, Defendants employed numerous other employees, who like Plaintiff, are manual laborers engaged in interstate commerce.   Further, Defendants themselves are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, advertise on the internet with

companies based in other states, processes customers' credit cards with banks in other states, and advertise that they service not only Texas, but 47 other states.[4]

34.     Further, Defendants enjoys an annual gross business volume in excess of $500,000 and has likewise done so in the three years prior to the filing of this complaint.[5]

35.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because it has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

36.     Defendants have had an annual gross business volume that satisfies the FLSA.

**VIOLATION OF FLSA**

37.     Plaintiff and Class Members are nonexempt employees under the FLSA.

38.     Defendants did not pay Plaintiff and Class Members for all hours worked.

39.     The Plaintiff and Class Members typically worked over forty hours per week.

40.     Defendants did not pay time and a half for overtime hours worked over 40 hours per workweek.

41.     Defendants did not pay Plaintiff and Class Members at the minimum wage rate. That is when dividing all compensation received in a given week by total hours worked in that corresponding week, the hourly rate of pay fell below the federally mandated minimum wage rate.

42.     Consequently, Defendants are in violation of the FLSA.

## V.   FACTS

43.     Lennox National Account Services and its subsidiaries operate a HVAC servicing company, which services residential and commercial clientele.

---

[4] *See* Exhibit, "A" (A print out from Defendants' website showing their service areas).

[5] Exhibit "D" (Lennox International Financial Snapshot).

44.    Lennox National Account Services employs or has employed hundreds of technicians in 48 states who perform heating, ventilation, and air conditioning maintenance.

45.    Plaintiff performs maintenance on Defendants' customers HVAC machines.

46.    Plaintiff travels to Defendants' customers locations in Defendants' company vehicle.

47.    Plaintiff often worked over forty hours per week for the Defendants.

48.    Plaintiff was not compensated for certain hours he worked. For example, Plaintiff's wages did not reflect the time he spent driving to and from the different job assignments throughout the day or time spent filling out paperwork.

49.    Plaintiff does not have a written employment contract with Defendants.

50.    Plaintiff does not have an oral employment contract with Defendants.

51.    Defendants would shave time off of Plaintiff's hours if he did not clock-out on the quarter hour.  For examples, if Plaintiff clocked-out at 16:14 Defendants would only compensate him until 16:00, deducting 14 minutes of paid time.

52.    Plaintiff was not paid until he checked in with his manager that he was at the customers' location.  He would often wait between 5-30 minutes until management was able to respond to his call and start his time clock.

53.    Plaintiff was not paid for time between jobs, "standby time," in which Plaintiff was engaged to be waiting for the next job.

54.    Plaintiff was not compensated one-and-one-half times his regular rate of pay for all hours worked over 40 in a workweek.

55.    Plaintiff often worked over forty hours in a work week but was uncompensated for his overtime due to Defendants' policy of not paying for certain hours worked.

56.    Further, when dividing Plaintiff's compensation in a given week by hours worked in that corresponding week, Plaintiff's rate of pay fell below the minimum wage.

57.    If Defendants had researched the law, they could have easily determined that it is an FLSA violation to not pay the non-exempt Plaintiff and Class Members for all hours worked,

and/or one-and-one-half times the regular rate of pay for all hours worked over 40 in a workweek.  Further, Defendants would have also realized that the FLSA requires employers to track the number of hours their employees work.  Consequently, the violations committed by Defendants are a willful violation of the FLSA.

58.     Defendants employ more than 100 service technicians nationwide.

59.     Defendants employ more than 200 service technicians nationwide.

60.     Defendants employ more than 300 service technicians nationwide.

61.     Defendants employ more than 500 service technicians nationwide.

## VI. COLLECTIVE ACTION ALLEGATIONS

62.     David Swahlen has actual knowledge that other Class Members have also been denied pay for hours worked.

63.     Service technicians employed by Defendants were subject to the same payroll practice of not being paid for drive time to the customers' locations.

64.     Service technicians employed by Defendants were subject to the same payroll practice of not being paid for stand by time.

65.     Service technicians employed by Defendants were not paid for travel time between jobs.

66.     Service technicians were also not compensated for the time they spent filling out paper work at the office and time spent waiting to check in with management over the phone when they arrived at the customers' work location.

67.     Although Defendants permit and/or require all service technicians to work their normal scheduled hours, Defendants have denied them compensation for certain time worked.

68.     The Class Members are all of Defendants' service technicians.

69.     Class Members typically worked over forty hours per week.

70.     Class Members are not exempt from receiving compensation under the Fair Labor Standards Act.

71.     Class Members were not paid one-and-one-half times their regular rate of pay for all hours worked over 40 hours in a workweek.

72.     As such, Class Members, such as service technicians are similar to Plaintiff in terms of work duties, pay structure and/or the denial of wages and compensation.

73.     Defendants' failure to pay wages and compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

74.     Plaintiff's experience, with respect to their pay and job responsibilities, is typical of the experience of the Class Members.

75.     The specific job titles, precise job responsibilities and geographical location of each Class Member do not prevent collective treatment.

76.     All Class Members, irrespective of their particular job requirements, are entitled to be compensated at a minimum wage and are entitled to compensation for all hours worked.

77.     All Class Members, irrespective of their particular job requirements, are entitled to be compensated at a one and one-half times their regular rate of pay for all overtime hours worked.

78.     The experience of the Plaintiff, with respect to pay, is typical of the experiences of the Class Members.

79.     Like Plaintiff, Class Members were subject to Defendants' common practice, policy, or plan of refusing to compensate their employees in accordance with the FLSA as described above.

80.     Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

81.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

82. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

83. As such, the class of similarly situated plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' service technicians in the United States who were employed at any time during the three years prior to the filing of this Complaint to present.**

### VII.   COUNT ONE: VIOLATION OF 29 U.S.C. § 207
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### FAILURE TO PAY OVERTIME
#### (COLLECTIVE ACTION)

84. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

85. For all time worked in excess of forty (40) hours in individual work weeks, Plaintiff and Class Members were entitled to be paid one and one half times their regular rates of pay. 29 U.S.C. §207.

86. Defendants violated the FLSA by failing to compensate Plaintiff and Class Members consistent with the FLSA's overtime formula when Plaintiff and Class Members worked more than forty (40) hours in a single work week.

87. No exemption provided in the FLSA or its accompanying regulation regarding the duty of employers to pay overtime at a rate less than one and one half times the regular rate of a pay are applicable to the Defendants or to Plaintiff and Class Members.

88. Defendants have not made a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard executed their illegal compensation policy regarding overtime compensation.

89. Further, Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

90.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

A.     The time of day and day of week on which the employees' work week begins;

B.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

C.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

D.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

E.     The hours worked each workday and total hours worked each workweek;

F.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

G.     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

H.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

I.     The dates, amounts, and nature of the items which make up the total additions and deductions;

J.     The total wages paid each pay period; and

K.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5

91. Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff.  Because Defendants' records are inaccurate and/or

inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

### VIII.   COUNT TWO VIOLATION OF 29 U.S.C. § 206
#### VIOLATION OF THE FAIR LABOR STANDARDS ACT
#### FAILURE TO PAY MINIMUM WAGE
#### (COLLECTIVE ACTION)

92.     Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

93.     Defendants practice of failing to pay Plaintiff and Class Members the federally mandated minimum wage violated the FLSA. *See* 29 U.S.C. § 206.

94.     None of the exemptions provided by the FLSA regulating the duty of employers to pay minimum wage are applicable to the Defendants or to the Plaintiff and Class Members.

### IX.   DAMAGES SOUGHT

95. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

96. Plaintiff and Class Members are entitled to recover their minimum wages.

97. Plaintiff and Class Members are entitled to an amount equal to all of their wages as liquidated damages.  29 U.S.C. § 216(b).

98. Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

### PRAYER

99. For these reasons, Plaintiff respectfully request judgment to be entered in his favor awarding him and the Class Members:

a.    Unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

b.    Unpaid minimum wages for all hours worked in a workweek;

c.    Gap time for all hours worked under 40 but not compensated at the regular rate of pay in weeks where more than 40 hours were worked;

d.    An equal amount of unpaid wages as liquidated damages as required under the FLSA;

e.    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

f.    An order requiring Defendants to correct its pay practices going forward; and

g.    Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Galvin B. Kennedy
     Galvin B. Kennedy
     gkennedy@kennedyhodges.com
     State Bar No. 00796870
     Federal Bar No. 20791
     711 W. Alabama St.
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

**LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS**

OF COUNSEL:
Gabriel Assaad
State Bar No. 24076189
Federal Bar No. 1374492
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116
Bsosamorris@kennedyhodges.com